UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**MARCELLUS DWAIN WILLIAMS,**

    **Plaintiff,**

v.                                                                                    Case No. 3:17-cv-03714

**WEST VIRGINIA REGIONAL
JAIL AUTHORITY, et al.,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Motion to Dismiss filed by the West Virginia Regional Jail Authority ("WVRJA"), the Western Regional Jail ("WRJ"), and Administrator King (ECF No. 31).[1]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a

---

[1] Also pending is Officer's Glover's Motion to Dismiss (ECF No. 53), which will be separately addressed.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> 
> \* \* \*
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A. The plaintiff's claims for declaratory and injunctive relief are moot.

Subsequent to the plaintiff's filing of the Complaint herein, he was transferred from the WRJ to the custody of the West Virginia Division of Corrections and he is presently incarcerated at the Slayton Work Camp at the Mount Olive Correctional Complex. The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. nst., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

As noted in *Taylor*, well-established Fourth Circuit precedent has recognized that "the transfer or release of an inmate from the facility where he suffered the challenged conditions 'moots his claims for injunctive and declaratory relief' pertaining to his imprisonment." 2011 WL 6024499 at *4; *see also Rendellman v. Rouse*, 569 F.3d 182, 186 (4th 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") For these reasons, the undersigned proposes that the presiding District Judge **FIND** that, to the extent that the Complaint can be read to be making claims for declaratory and injunctive relief, such claims must be denied as moot.

### B. The plaintiff's claims for monetary damages against the WVRJA, the WRJ, and Administrator King in his official capacity are barred by the Eleventh Amendment and the *Will* Doctrin

The WRJ is not a suable entity. Rather it is just a facility operated by the WVRJA, a state agency. Moreover, in *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither a State, including its agencies, nor its officials acting in their official capacities, are "persons" under § 1983. Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims for monetary damages against the WVRJA, the WRJ, and Administrator King in his official capacity, are barred by the Eleventh Amendment and the *Will* doctrine and must be dismissed.

### C. The defendants have not demonstrated that the plaintiff failed to exhaust available administrative remedies.

The defendants have asserted that the plaintiff failed to properly exhaust his administrative remedies prior to filing his Complaint. The evidence of record demonstrates that the plaintiff did fail to appeal his grievances related to the claims

alleged in his Complaint. However, the plaintiff has asserted that he was not properly instructed on how to use the kiosk system that is now used to submit electronic inmate grievances and appeals. Rather, as asserted in his briefs, the plaintiff contends that the instructions provided to him with respect to the inmate grievance process pertain to the submission of paper grievances and appeals.

Following a hearing on July 25, 2018, counsel for the WVRJA was directed to file the applicable section of the WVRJA Inmate Handbook pertaining to inmate grievance procedures that was in effect on April 7, 2017, and any documentation indicating if and when the plaintiff received a copy of that Handbook, as well as any inmate "Inquiries" submitted by the plaintiff to staff between February 17, 2017 and July 28, 2017, concerning how to use the kiosk system to file or appeal grievances. (ECF No. 63). On July 27, 2018, counsel for the WVRJA filed Supplemental Exhibits that are responsive to the undersigned's Order. (ECF No. 67).

A review of the Supplemental Exhibits, which includes a Verification from Suzanne Y. Summers, a Paralegal for the WVRJA that the Inmate Handbook is a true and accurate copy, indicates that the inmate grievance procedures contained therein still address the paper grievance process that was in effect prior to the institution of the kiosk system, and that the Inmate Handbook does not in any way address the process for using the kiosk system to file and appeal inmate grievances. (ECF No. 67 at 23-24). Additionally, the plaintiff's "Inquiries" submitted by counsel indicate that the plaintiff did not use that system to ask how to appeal his grievances until September 6, 2017, which was more than a month after he had filed his Complaint in this civil action. (*Id.*, Attach. 3 at 43).[2]

---

[2] The date of this "Inquiry" post-dates the time period for inquiries ordered to be produced by the court. Nonetheless, the record demonstrates that there is no written evidence demonstrating that the plaintiff inquired about how to use the kiosk system to file and appeal grievances prior to filing his Complaint herein.

Notwithstanding the plaintiff's apparent failure to ask about how to use the kiosk system to file and appeal grievances before filing his Complaint, it does not appear that the applicable policies and procedures provided by the WVRJA to its inmates properly instruct them on how to use the kiosk system to exhaust an electronic grievance. It further appears that the process described in the Inmate Handbook concerning paper grievances is no longer applicable under the circumstances, and that the plaintiff was not otherwise instructed on how to use the kiosk system to properly file and appeal his grievances.[3]

In *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016), the Supreme Court held that "the exhaustion requirement hinges on the 'availability' of the administrative remedies. An inmate . . . need not exhaust unavailable remedies." The Court further defined "available" as "'capable of use' to obtain 'some relief for the action complained of.'" (*Id.* at 1859, citing *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Included among the examples provided in *Ross* of how an administrative remedy may be "unavailable" are circumstances where the administrative remedy process is "so opaque" or "so confusing that . . . no reasonable prisoner can use [it]." 136 S. Ct. at 1859; see also *Williams v. Correctional Officer Prianto*, 829 F.3d 118, 126 (2d Cir. 2016) (grievance procedures were so opaque and confusing that they were "practically speaking, incapable of use."); *Presley v. Scott*, 679 F. App'x 910, 912 (11th Cir. 2017) ("We cannot condone defendants limiting access to a procedure and then protecting themselves from a suit by alleging the prisoner failed to use that specific procedure). Such is the case here, as the administrative remedy process is so opaque or confusing as to be practically "incapable of use" by the plaintiff.

---

[3] Even if the deadlines for filing and appealing grievances as set forth in the Inmate Handbook are still applicable, the process itself as described therein appears to be obsolete in light of the introduction of the kiosk system.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the defendants have not sufficiently demonstrated that the administrative remedies at the WRJ were "available" to the plaintiff and, thus, the defendants have not successfully proven this affirmative defense.

### D. The Complaint fails to state a plausible claim for relief against Administrator King in his individual capacity.

The Complaint alleges that defendants Glover and Gabriel repeatedly ignored the plaintiff's complaints that he was having breathing problems related to his asthma and failed to take him to the medical unit for a breathing treatment on April 7, 2017. The Complaint, however, contains no allegations concerning any conduct by defendant King on that date. In fact, the only allegation against defendant King in the Complaint is that the plaintiff submitted a grievance concerning the April 7, 2017 incidents to which King had failed to respond.

It is well established that denying a prisoner's grievance, by itself, is insufficient to state any plausible claim of personal or supervisory liability. *See, e.g., Lowe v. Matheney*, No. 2:13-cv-22416, 2015 WL 5795867 *9 (S.D. W. Va. Sept. 30, 2015) (Goodwin, J.) (inadequacy of allegations involving supervisory liability claim based upon denial of grievances); *see also Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *Ferris v. Jones*, No. 4:14-cv-454, 2015 WL 4668297, at *9 (N.D. Fla. Aug. 5, 2015).

In *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994), the Court held that supervisors may be liable for the actions of their subordinates where the supervisor, by his own conduct, was deliberately indifferent to, or tacitly authorized or approved prior constitutional violations. Such liability is not based on *respondeat superior*, but rather upon "a recognition that supervisory indifference or tacit authorization of subordinates'

7

misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." 13 F.3d at 798 (*quoting Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984)). In *Shaw*, the Fourth Circuit discussed the following elements necessary to establish a supervisor's liability under 42 U.S.C. § 1983:

1) The supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

2) The supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and

3) There was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injuries suffered by the plaintiff.

13 F.3d at 799. However, in *Farmer*, *supra*, the Supreme Court clarified that a prison official's "actual subjective awareness" of an excessive risk of harm or safety was required to hold the official liable under the Eighth Amendment. Thus, a prison official cannot be held liable for the failure to alleviate a risk that he should have perceived, but did not in fact perceive. 511 U.S. at 838. As further noted in *Evans v. Chalmers*:

> [T]he Supreme Court explained in *Iqbal* that "a supervisor's mere knowledge" that his subordinates are engaged in unconstitutional conduct is insufficient to give rise to liability; instead a supervisor can only be held liable for "his or her own misconduct." [556 U.S. at 677.]

703 F.3d 636, 660-61 (4th Cir. 2013). Thus, to hold a supervisory defendant liable, the plaintiff must allege facts that allow the court to draw a reasonable inference that the supervisor's own conduct permitted the constitutional violation to occur. *Iqbal*, 556 U.S. at 677.

Aside from his role in the grievance process, the plaintiff has not alleged that defendant King had any actual knowledge of a substantial risk of harm to the plaintiff or

8

that his own conduct in any way led to the violation of the plaintiff's constitutional rights. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Amended Complaint fails to state a plausible claim for relief against defendant King in his individual capacity.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by the WVRJA, the WRJ, and Administrator King (ECF No. 31).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

<u>August 14, 2018</u>

Dwane L. Tinsley
United States Magistrate Judge