UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**MARCELLUS DWAIN WILLIAMS,**

    **Plaintiff,**

v.                                    Case No. 3:17-cv-03714

**WRJ OFFICER GLOVER and
WRJ OFFICER GABRIEL,**

    **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Officer's Glover's Motion to Dismiss (ECF No. 53), which asserts that the plaintiff's Complaint fails to state a plausible claim upon which relief can be granted against him in either his official or individual capacity.[1]

### STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most

---

[1] Although not argued by defendant Glover in his motion, the presiding District Judge previously found that a failure to exhaust administrative remedies defense raised by other defendants failed because the administrative remedy process was not fully available to the plaintiff.

favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> 
> \* \* \*
> 
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

### A. The plaintiff's claims for monetary damages against Officer Glover in his official capacity are barred by the Eleventh Amendment and the *Will* Doctrine.

Similar to the official capacity claims against Administrator King, which were previously dismissed, Officer Glover correctly asserts that, in his official capacity, he is not a "person" under section 1983 and is immune from a suit for damages. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Hans v. Louisiana*, 134 U.S. 1, 9

(1980); *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's claims against Officer Glover in his official capacity must be dismissed.

  **B. The Complaint fails to state a plausible claim for relief against Officer Glover in his individual capacity.**

The Complaint alleges that defendants Glover and Gabriel repeatedly ignored the plaintiff's complaints that he was having breathing problems related to his asthma and failed to take him to the medical unit for a breathing treatment on April 7, 2017. Thus, he contends that these defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment of the United States Constitution.[2]

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal

---

[2] It appears that the plaintiff was a pretrial detainee at the time of this incident. Accordingly, his claim must be considered under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). Nevertheless, courts often apply Eighth Amendment analysis when considering denial of medical treatment claims brought by pretrial detainees. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997), *overruled on other grounds by* Wilkins *v. Gaddy*, 559 U.S. 34 (2010). *But see Kingsley v. Hendrickson*, 125 S. Ct. 2466 (2015) (limiting analysis of pretrial detainee's excessive force claim to objective reasonableness standard of Fourteenth Amendment Due Process Clause).

civilized measure of life's necessities;'" and (2) the prison official had a "sufficiently culpable state of mind;'" that is, a "deliberate indifference to inmate health or safety." *Id.*, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.,* at 837.

"In order to state a cognizable claim for denial of medical care under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id*. Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106.

*Miltie*r, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and health care providers is very high. It is well settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm,

4

usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). For example, in *Sosebee*, the Fourth Circuit found that if prison guards were aware that a steak bone had pierced an inmate's esophagus, causing infection that resulted in the inmate's death, and the guards had intentionally abstained from seeking medical help, such conduct <u>might</u> establish deliberate indifference to a serious medical need.

Officer Glover's motion documents argue that the plaintiff has not established any physical injury sufficient to support a claim for damages under the Eighth Amendment and, thus, Officer Glover further asserts that he is entitled to qualified immunity on the plaintiff's claim against him. Qualified immunity "shields government officials from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a reasonable person." M*eyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013). The following test is used to determine whether a defendant is entitled to qualified immunity: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional right; and (2) was that right clearly established such that a reasonable person would have known that their conduct was unlawful. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). A defendant is "entitled to a qualified immunity defense so long as 'the law did not put the [defendant] on notice that his conduct would be clearly unlawful.'" *See Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Specifically, Officer Glover's Memorandum of Law in support of his Motion to Dismiss states:

> In his complaint, Plaintiff makes a general claim for relief and requests that the Court order financial reimbursement in his favor. . . . It is noteworthy that Plaintiff claims no actual injuries suffered due to the alleged conduct of the Defendants.
>
> The PLRA imposes a limitation on recovery requiring that, before there can be a compensation [for] mental or emotional injuries, that there be a showing of physical injury or the commission of a sexual act. 42 U.S.C. § 1997e(e). In his Complaint, Plaintiff alleges no physical injury or the commission of a sexual act. Therefore, he is barred from seeking recovery in this case. He has not alleged or established any compensable injuries.

(ECF No. 54 at 8-9).

The plaintiff, in turn, asserts that, on the night in question, he suffered unnecessary pain because Officer Glover refused to take him to the medical unit for a breathing treatment, or ensure that he was so taken, while other inmates were taken to the medical unit during that time. However, the plaintiff's Complaint and his other documentation do not allege or describe any actual physical injury suffered by the plaintiff on the night in question. At best, in a response to Officer Glover's Answer, the plaintiff includes an "Affidavit" in which he states that he "suffered chest pain, weezing [sic; wheezing], and dizziness as a result of [his] untreated breathing problems." (ECF No. 52 at 3). Otherwise, his response documents merely assert that Officer Glover's actions <u>could have</u> placed him at substantial risk of serious future harm or death, which is entirely speculative.

The plaintiff's allegations that he was in pain and distress are insufficient to allege more than *de minimis* physical injury to support a recovery for mental or emotional injury. *See, e.g., Lindsey v. Brady*, 537 F. Supp.2d 666, 671 (D. Del. 2008) (Inmate's asthma condition was not a serious medical need); *Quinlan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (Pretrial detainee's complaints of a headache,

difficulty breathing, and temporary chest pain after being denied an inhaler for several hours were not greater than *de minimis* and therefore did not provide the necessary physical injury to recover for mental or emotional injuries); *Bates v. Sullivan*, 6 F. App'x 425, 426 (7th Cir. 2001) (Inmate with shortness of breath and headaches did not suffer serious asthma attack sufficient to satisfy Eighth Amendment standard); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (Breathing problems, chest pains, and dizziness would be considered relatively minor conditions unless deemed serious by a physician); *Oliver v. Deen*, 77 F.3d 156, 160 (7th Cir. 1996) (Eighth Amendment not implicated by minor case of asthma). Here, the plaintiff has not alleged more than a *de minimis* injury, which is insufficient to establish the requisite serious medical need for a deliberate indifference claim.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, even taking the plaintiff's allegations as true, the plaintiff cannot state a plausible claim for relief against defendant Glover. Consequently, the undersigned further proposes that the presiding District Judge **FIND** that Officer Glover is entitled to qualified immunity on the plaintiff's claim against him.

### C. The plaintiff's claims against Officer Gabriel should also be dismissed.

Officer Gabriel, who is believed to be a former employee of the WRJ, was not successfully served with process during the time period allotted under Rule 4(m) of the Federal Rules of Civil Procedure and he has not made an appearance herein. Accordingly, the court could dismiss Officer Glover as a defendant, without prejudice, under that rule alone. However, the claims against Officer Gabriel may also be dismissed for the same reasons as the claims against Officer Glover, as set forth above. Accordingly, for these

same reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against Officer Gabriel, and that such claims should also be dismissed, notwithstanding the fact that Officer Gabriel was not served and has not appeared herein.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Motion to Dismiss filed by Officer Glover (ECF No. 53), dismiss the claims against Officer Glover and Officer Gabriel, and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985*); United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Judge Chambers.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 10, 2018

Dwane L. Tinsley
United States Magistrate Judge