# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

MARCELLUS DWAIN WILLIAMS,

        Plaintiff,

v.                            CIVIL ACTION NO.  3:17-03714

WRJ OFFICER GLOVER and
WRJ OFFICER GABRIEL

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcellus Williams commenced this suit, *pro se*, under 42 U.S.C. § 1983, alleging Eighth Amendment violations. *Compl.*, pp. 4–7, ECF No. 2. The case was referred to the Honorable Dwane L. Tinsley, Magistrate Judge, for Proposed Findings and Recommendations ("PF&R"). *Standing Order*, p. 2, ECF No. 3. In his PF&R issued on October 10, 2018, Magistrate Judge Tinsley recommends this Court grant Defendant Glover's Motion to Dismiss (ECF No. 53), dismiss all claims, and remove this case from the Court's docket. *PF&R*, p. 8, ECF No. 74.[1]

Plaintiff filed objections to the PF&R pursuant to 28 U.S.C. § 636(b)(1)(C) on October 23, 2018. *Pl.'s Objs. to PF&R,* ECF No. 76. As explained below, the Court **DENIES in part** and **GRANTS in part** Plaintiff's objections, **ADOPTS in part** and **REJECTS in part** Magistrate Judge Tinsley's PF&R, and **DENIES in part** and **GRANTS in part** Defendant Glover's Motion to Dismiss.

---

[1] Defendants West Virginia Regional Jail Authority, West Regional Jail, and WRJ Administrator King were dismissed on September 9, 2018. ECF No. 72. Plaintiff voluntarily dismissed Defendant Prime Care Medical Inc. at a motion hearing on July 25, 2018. ECF No. 62.

# I. BACKGROUND

The Complaint, taken as true for the purposes of a motion to dismiss, alleges the following. Plaintiff arrived at Western Regional Jail on February 7, 2017. *Compl.*, at 4. He informed the medical staff there that he was diagnosed with asthma and had a prescription for an inhaler. *Id.* Plaintiff was denied the ability to have an inhaler in the jail, and instead was instructed to notify jail officers anytime he had difficulty breathing, including heaviness of chest and wheezing, and they would bring him to the medical staff for treatment. *Id.*

At around 2:00 AM on April 7, 2017, Plaintiff began suffering such symptoms and notified Defendant Officer Glover, who was in the control tower, that he required his prescribed treatment. *Id.* at 7. Officer Glover instructed Plaintiff to notify Defendant Officer Gabriel, who was roving around the pod where Plaintiff's cell was, which Plaintiff then did.[2] *Id.* Officer Gabriel then redirected Plaintiff back to Officer Glover. *Id.* When Plaintiff asked if the medical staff had been contacted, he was told "No." *Id.*

At around 5:00 AM, Officer Gabriel was escorting two inmates to the medical facility. *Id.* at 5. As Officer Gabriel passed by Plaintiff, Plaintiff again requested Officer Gabriel provide him medical treatment for his asthma, to which Officer Gabriel looked at Plaintiff, and then left the area without responding. *Id.* Officer Gabriel returned at around 6:00 AM with the two inmates he had been escorting to the medical facility. Plaintiff again asked both Officers Glover and Gabriel to be taken to the medical facility and inquired if the medical staff had been notified of his previous requests for required treatment. *Id.* Plaintiff was told by both officers, separately, they had not notified the medical staff and he would not be taken because the area was not cleared as being secure, despite the fact that Officer Gabriel had just returned from the medical facility with two

---

[2] Officer Gabriel has not been successfully served with process. ECF No. 21.

inmates. *Id.* When pressed as to who would be held accountable for the denial of medical assistance, Officer Glover told Plaintiff he would be responsible. *Id.* Finally, Plaintiff directly notified medical personnel of his condition, having to bypass the jail officers as intermediaries, when a nurse was conducting a pill pass at 8:30 AM, to which she said that he would be escorted to the medical facility between 9:00 AM and 10:00 AM. *Id.* Plaintiff was then brought to the medical facility and treated. *Id.*

Plaintiff filed the Complaint in this case on March 26, 2018, alleging violations of his rights under the Eighth Amendment and requesting damages and injunctive relief. *Compl.*, at 7. The Complaint was amended on July 25, 2018 to include a specific amount of damages and clarifying his condition potentially so severe that if his "airways swell[ed] shut he would die." *Am. to Compl.*, p. 2, ECF No. 55. Plaintiff's claims were permitted to proceed, as this Court found that administrative remedies were functionally unavailable to him. ECF No. 72. WRJ Officers Gabriel and Glover are the only remaining defendants in this action. *See* ECF Nos. 62, 72. The Court now considers Magistrate Judge Tinsley's PF&R (ECF No. 74), Plaintiff's Objections to the PF&R (ECF No. 76), and Defendant Glover's underlying Motion to Dismiss (ECF No. 53).

## II. STANDARD OF REVIEW

This Court conducts a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which a party objects. 28 U.S.C. § 636(b)(1)(C). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Courts must look for "plausibility" in a complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires a plaintiff to set forth the grounds for an "entitle[ment]

to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted).

Rule 8 does not demand "detailed factual allegations", but a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. However, a *pro se* litigant's pleadings are "to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

When a defendant responds to a complaint claiming qualified immunity, such immunity would provide "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). It is important for determination of qualified immunity to be resolved "at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (per curiam). The complaint must sufficiently state a claim that the defendant violated a "clearly

established law", otherwise "a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526.

## III. DISCUSSION

Magistrate Judge Tinsley's PF&R recommends this Court grant dismissal of all remaining claims, finding (A) claims against the Officers in their official capacity are barred by the Eleventh Amendment and the *Will* Doctrine, (B) claims against the Officers in their individual capacity are not plausible and are protected by qualified immunity, and (C) Officer Gabriel has not timely been served with process. *PF&R*, at 2–3, 7. Plaintiff objects on the following grounds, alleging:

1. The protections under the Eleventh Amendment do not apply when Defendants intentionally and unreasonably deny medical care. *Pl.'s Objs. to PF&R*, at 2.
2. Plaintiff was a convicted inmate at the time, not a pre-trial detainee. *Id.* at 3.
3. Plaintiff's asthma constitutes a serious medical condition and this risk of harm was sufficiently pleaded. *Id.* at 6–9.
4. Defendants are not entitled to qualified immunity. *Id.* at 1.
5. Defendant has improperly attached evidence to his Motion to Dismiss. *Id.* at 10.

The Court addresses each of these objections in turn.

1. *The Eleventh Amendment and The Will Doctrine*

Plaintiff makes an objection to "Section A" of the PF&R and the "immunities claimed." *Pl.'s Objs. to PF&R*, at 2. Chapter 42 United States Code Section 1983 offers a federal forum to remedy many instances where civil liberties are deprived, "but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, (1989). The Supreme Court held the language of § 1983 does not constitute a waiver of states' immunity from such suits under the Eleventh Amendment. *Id.* (citing *Welch v. Texas Dep't. of Highways and Pub. Transp.*, 483 U.S. 468, 472–473 (1987) (plurality opinion)). Thus, the Court concluded that a State, or an official of the State while acting in his or her official capacity, is not a "person" within the statute. *Id.* at 65.

Plaintiff's objection is not legally sound, as there is no carveout for intentional or unreasonable action by a state actor. There simply is no cause of action under § 1983 against Defendants in their official capacity and the objection is overruled. Any allegations in the Complaint to this effect are dismissed and Magistrate Judge Tinsley's finding and recommendation on this issue is adopted.

2. *Status as a Convicted Inmate*

Plaintiff contests Magistrate Judge Tinsley's finding that he "appears" to have been a pre-trail detainee at the time of the alleged incident. *Pl.'s Objs. to PF&R*, at 2. However, Plaintiff was a prisoner on April 7, 2017. *Id.* at 12. Claims for denial of medical care of a convicted prisoner are considered under the Eighth Amendment, whereas pre-trial detainees' denial for the same are considered under the Fourteenth Amendment. *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). Irrespective of this fact, Magistrate Judge Tinsley properly assessed Plaintiff's claim under an Eighth Amendment analysis. *See Id.* at 991–92. As such, the objection is granted insofar as Plaintiff is found to have been a convicted prisoner at the time in question, with the objection being otherwise denied. Furthermore, the magistrate judge's finding that Plaintiff's claim is to be assessed under the Eighth Amendment is adopted.[3]

3. *Sufficiency of the Pleading*

Plaintiff objects to the finding he has not stated any physical injury to constitute a serious medical need so as to establish a plausible claim. *Pl.'s Objs. to PF&R*, at 6–9. The Eighth Amendment imposes duties upon prison officials to "provide humane conditions of confinement[,]" including adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

---

[3] The Court does not adopt Magistrate Judge Tinsley's rationale as to why the Eighth Amendment analysis applies, just the application itself.

To establish a claim for depravation of humane prison conditions, a prisoner must "allege (1) a 'sufficiently serious' deprivation under an objective standard and (2) that prison officials acted with 'deliberate indifference' to the inmate's health and safety under a subjective standard." *Motto v. Corr. Med. Servs.*, No. 5:06-CV-00163, 2007 WL 2897866, at *10 (S.D.W. Va. Aug. 27, 2007) (quoting *Wilson v. Seiter,* 501 U.S. 294, 297–99 (1991)).

"A medical need serious enough to give rise to an Eighth Amendment claim involves a condition which places an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain." *Id.* A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. O'Brien*, No. 7:08-CV-00283, 2011 WL 1238038, at *7 (W.D. Va. Apr. 4, 2011), *aff'd*, 554 F. App'x 242 (4th Cir. 2014) (internal citations and quotation marks omitted). "[A]sthma is a serious medical condition that can cause death if untreated." *Id.* (internal citations and quotation marks omitted); *see also Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005) (As a general matter, asthma "can be, and frequently is, a serious medical condition, depending on the severity of the attacks.").

Here, Plaintiff alleges he was diagnosed with asthma, was not permitted to have an inhaler in his cell, and thus relied on jail officials to communicate his need for treatment to the medical staff. In amending his Complaint, Plaintiff clarified his condition subjected him to the possibility of that if his "airways swell[ed] shut he would die." Reading this as statement of his condition and not just a belief constitutes a serious medical condition.

"However, a serious medical condition without more does not satisfy the deliberate indifference test." *Hill*, 2011 WL 1238038, at *9. A prisoner must establish that the defendant

"knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Motto*, 2007 WL 2897866, at *11 (quoting *Farmer*, 511 U.S. at 837) (internal quotation marks omitted); *see also Smith v. Smith*, 589 F.3d 736, 739 (4th Cir. 2009) (holding a claim for deprivation of needed medical care was sufficiently stated because by "pleading that [the defendant] destroyed the means for him to access the medical treatment ordered by the doctor, [the plaintiff] alleged facts sufficient to constitute intentional denial of treatment because mere delay or interference can be sufficient to constitute a violation of the Eighth Amendment." (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).

Here, Plaintiff alleges medical staff told him that when he had "difficulties breathing includding [*sic*] heaviness of chest, or weezing [*sic*] to inform a regional jail officer and they would then bring [him] to medical for a breathing treatment." *Compl.*, at 4. Plaintiff further claims he did just that, multiple times, throughout the night and early morning hours of April 7, 2017. It is reasonably inferred in a liberal reading of the Complaint that he notified the jail officials of his need for treatment on the basis of those symptoms. Exhibiting those symptoms would show a manifestation of the need for treatment. *Cf. Thomas v. Mikell*, No. 608-CV-012, 2008 WL 2156362, at *2 (S.D. Ga. May 22, 2008) (dismissing a claim because the plaintiff failed to allege facts to support subjective deliberate indifference, as "he simply reported suffering 'chest pains' but d[id] not allege that he was wheezing, coughing, laboring for breath, or manifesting other obvious breathing problems in the defendants' presence."). Furthermore, Plaintiff alleges that Defendants ignored his request and took other inmates to the medical facility. *Compl.*, at 5. Defendants never notified medical staff of Plaintiff's condition, and he only received treatment after Plaintiff communicated directly to a nurse during the morning pill pass. *Id.* at 6.

Plaintiff sufficiently alleges his diagnosed asthma placed him in risk of shutting his airways, which constitutes a serious medical condition. Furthermore, he alleges facts sufficient to show officers were aware of this condition, chose to ignore it, yet still ensured medical care for other inmates. As such, Plaintiff sufficiently alleges a violation of his Eighth Amendment rights.[4]

4. *Qualified Immunity*

Plaintiff objects to the finding that Defendants were protected by qualified immunity during the alleged denial of medical attention.[5] *Pl.'s Objs. to PF&R*, at 1. Under qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity inquiry is a two-step determination of "(1) whether the official violated a constitutional right; and if so (2) whether the right was 'clearly established' at the time of its violation."[6] *Rock for Fife–UMBC v. Hrabowski*, 411 F. App'x. 541, 547 (4th Cir. 2010) (quoting *Saucier v. Katz*, 533 U.S. 194 (2001)). As previously discussed, access to adequate medical care constitutes a constitutional right under the Eighth Amendment. "The relevant,

---

[4] While Magistrate Judge Tinsley's PF&R raises a valid point that mere discomfort and chest pain generally do not constitute a serious medical condition, to presume such is the case on a motion to dismiss improperly alters the pleading standard from one that is "plausible" to one that is "more likely than not", and denies the Plaintiff the liberal reading of the Complaint to which he is entitled. The Court further notes that beyond the pleading stage, Plaintiff must support these factual allegations with evidence to establish that his condition was as serious as he claims, and that Defendants were aware of its level of severity.

[5] Though Plaintiff does not use the phrase "qualified immunity," he quotes the applicable standard and rebuts it on the first page of his objections.

[6] The United States Supreme Court has receded from this two-prong test, concluding that "it should no longer be regarded as mandatory." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). District courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202 (internal quotation marks and citations omitted).

Courts should make a finding of qualified immunity as early as possible. "Because qualified immunity is designed to shield officers not only from liability but from the burdens of litigation, its establishment at the pleading or summary judgment stage has been specifically encouraged." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992). However, finding qualified immunity applies on the basis that a plaintiff did not plead facts sufficient to indicate a deliberate indifference to a medical need is a determination that is "prematurely concluded on [an] erroneous basis." *Smith v. Smith*, 589 F.3d 736, 740 (4th Cir. 2009). A finding of qualified immunity can still be found later in the course of litigation. *See Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("Even if the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law, the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts."; *Cloaninger ex rel. Estate of Cloaninger v. McDevitt*, 555 F.3d 324, 331 (4th Cir. 2009).

Magistrate Judge Tinsley found qualified immunity applied because Plaintiff did not allege more than a *de minimis* injury.[7] *PF&R*, at 5–7. However, this finding did not account for the

---

[7] Defendant Glover incorrectly claims that the Complaint does not meet the "heightened pleading" requirement where immunities are implicated. *Mem. Supp. Mot. to Dismiss*, p. 4, ECF No. 54 (citing non-binding state law). Neither the Supreme Court, nor the Fourth Circuit, have explicitly imposed a heightened pleading requirement. *Jordan by Jordan v. Jackson*, 15 F.3d 333, n. 5 (4th Cir. 1994) ("[W]e express no view on the question as to which the Supreme Court in *Leatherman* expressed no view but seemed almost to suggest might be answered in the affirmative, of 'whether [its] qualified immunity jurisprudence would require a heightened pleading standard in cases involving individual government officials.'" (internal citations omitted); *see also Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012) (Examining its decision in *Jordan by Jordan*, and applying a pleading standard under *Twombly* and *Iqbal*, without requiring a heightened pleading standard).

severity of the alleged complications due to Plaintiff's asthma, nor did it recognize that asthma attacks, depending on the degree, can constitute grounds for an Eighth Amendment claim. It is the asthma attack itself, and the risk of future attacks,[8] which constitutes the physical injury at issue. *Cf. Moore v. Bucher*, No. 405CV473-WS, 2006 WL 1451544, at *2 (N.D. Fla. May 23, 2006) (holding that monetary damages in a § 1983 action were unavailable because the plaintiff only alleged pain associated with asthma, and not that he suffered an asthma attack).

Plaintiff alleges he suffered from prolonged difficulty breathing, requested treatment as directed when he had "heaviness of chest", "wheezing", and felt his airways "swelling shut". Thus, he has alleged an established need for medical treatment, deliberate and unreasonable inaction to ensure such treatment is provided and alleges a physical injury that would potentially entitle him to monetary damages. As alleged, qualified immunity does not presently apply.

5. *Consideration of Evidence*

Plaintiff objects to any use of affidavits in the PF&R's recommendation for dismissal. *Pl.'s Objs. to PF&R*, at 10. It is error examine facts that fall outside of a complaint when ruling on a motion to dismiss. *Smith*, 589 F.3d at 738. To the extent that any such information was relied upon in the PF&R, the objection is granted. This Court's holding, however, look solely to the sufficiency of the Complaint and its Amendment.

## IV. CONCLUSION

For the aforementioned reasons, the Court **DENIES in part** and **GRANTS in part** Plaintiff's objections (ECF NO. 76), **ADOPTS in part** Magistrate Judge Tinsley's PF&R to the

---

[8] *See Adams v. Banks*, 663 F. Supp. 2d 485, 499–500 (S.D. Miss. 2009) ("[T]he Eighth Amendment's proscription against deliberate indifference applies not only to current health problems, but also to the risk of future health problems.") (citing *Helling v, McKinney,* 509 U.S. 25, 33–35 (2009)).

extent that Defendants cannot be sued in their official capacity and that Defendant WRJ Officer Gabriel has not timely been served under Fed. R. Civ. P. 4(m), **REJECTS in part** for the remainder of the PF&R (ECF NO. 74), **DENIES in part** and **GRANTS in part** the Motion to Dismiss (ECF No. 53), and **DISMISSES** Defendant WRJ Officer Gabriel without prejudice from this action. The Court **REFERS** these matters to Magistrate Judge Tinsley for further proceedings.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER:       March 15, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE